# Exhibit A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROCKBROOK REALTY, LTD. (10561 GOODNIGHT LANE), | § § § | |
| Plaintiff, | § § | |
| vs. | § § | |
| | § | CIVIL ACTION NO. 3:16-CV-02377 |
| THE TRAVELERS LLOYDS INSURANCE COMPANY AND BRYAN JONES, | § § § | |
| | § | |
| Defendants. | § | |

## EXHIBIT A

1. Index of All Documents Filed in the State Court Action

2. Docket Sheet in the State Court Action

3. Documents filed in the State Court Action

    a. Plaintiffs' Original Petition
       Filed:     June 13, 2016

    b. Court's Notice of Dismissal for Want of Prosecution
       Filed:     July 22, 2016

    c. Defendants' Answer to Plaintiff's Original Petition
       Filed:     August 8, 2016

    d. Court's Notice of Dismissal for Want of Prosecution
       Signed:   August 9, 2016

# Exhibit A-1

IN THE IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROCKBROOK REALTY, LTD. (10561    §
GOODNIGHT LANE),    §
    §
    Plaintiff,    §
    §
vs.    §
    §    CIVIL ACTION NO. 3:16-CV-02377
THE TRAVELERS LLOYDS    §
INSURANCE COMPANY AND BRYAN    §
JONES,    §
    §
    Defendants.    §

## **INDEX OF DOCUMENTS FILED IN STATE COURT ACTION**

1. Plaintiff's Original Petition
   Filed:      June 13, 2016

2. Court's Notice of Dismissal for Want of Prosecution
   Filed:      July 22, 2016

3. Defendants' Answer to Plaintiff's Original Petition
   Filed:      August 8, 2016

4. Court's Notice of Dismissal for Want of Prosecution
   Signed:     August 9, 2016

# Exhibit A-2

# DC-16-07283 - ROCKBROOK REALTY, LTD. (10561 GOODNIGHT LANE) vs. THE TRAVELERS LLOYDS INSURANCE COMPANY, et al

Case Number: DC-16-07283
File Date: 06/13/2016
Case Status: OPEN

Court: 14th District Court
Case Type: CNTR CNSMR COM DEBT

PLAINTIFF : ROCKBROOK REALTY, LTD. (10561 GOODNIGHT LANE)

Active Attorneys
Lead Attorney:
**WHYTE, MARC K**
Retained
Work Phone: 210-582-0220
Fax Phone: 210-582-0231

DEFENDANT : THE TRAVELERS LLOYDS INSURANCE COMPANY
Address:
BY SERVING: CORPORATION SERVICE COMPANY
211 EAST 7TH STREET, SUITE 620
AUSTIN TX 78701

Active Attorneys
Lead Attorney:
**HOLBROOK III, JAMES W**
Retained
Work Phone: 214-742-3000
Fax Phone: 214-760-8994

DEFENDANT : JONES, BRYAN
Address:
P.O. BOX 660452
DALLAS TX 78266

Active Attorneys
Lead Attorney:
**HOLBROOK III, JAMES W**
Retained
Work Phone: 214-742-3000
Fax Phone: 214-760-8994

06/13/2016 NEW CASE FILED (OCA) - CIVIL
06/13/2016 ORIGINAL PETITION
   10561 Rockbrook Petition.pdf
   Comment: Petition
06/13/2016 CASE FILING COVER SHEET
   CivilCaseInfoSheet - 10561.pdf
   Comment: Civil Cover Sheet
06/13/2016 JURY DEMAND
07/05/2016 REQUEST FOR SERVICE
   07.05.16 Ltr to DC re Citation - Rockbrook (10561).pdf
   Comment: Letter
07/05/2016 ISSUE CITATION
   ISSUE CITATION
   ISSUE CITATION
07/11/2016 CITATION
   Anticipated Server: CERTIFIED MAIL          Anticipated Method:
   Anticipated Server: CERTIFIED MAIL          Anticipated Method:

Actual Server: CERTIFIED MAIL                    Returned: 07/19/2016
Comment: CERT MAIL/DC****9214-8901-0661-5400-0088-8807-36***9214-8901-0661-5400-0088-8822-42

## 07/22/2016 NOTICE OF DISMISSAL FOR WANT OF PROSECUTION
NOTICE OF DISMISSAL FOR WANT OF PROSECUTION
Comment: MAILED

## 08/08/2016 ORIGINAL ANSWER - GENERAL DENIAL
Travelers - Rockbrook II (10561 Goodnight Lane) - Answer to

## 08/09/2016 NOTICE OF TRIAL
NOTICE OF TRIAL
Comment: MAILED - LVL 3

## 08/26/2016 DISMISSAL FOR WANT OF PROSECUTION
Judicial Officer: MOYE', ERIC
Hearing Time: 11:00 AM
Cancel Reason: BY COURT ADMINISTRATOR

## 09/09/2016 Scheduling Conference
Judicial Officer: MOYE', ERIC
Hearing Time: 10:00 AM
Comment: NOT A HEARING - HAS S/O BEEN RECEIVED?

## 06/13/2017 Jury Trial - Civil
Jury Trial - Civil
Judicial Officer: MOYE', ERIC
Hearing Time: 9:30 AM



Loading financial information, please wait...

10561 Rockbrook Petition.pdf
CivilCaseInfoSheet - 10561.pdf
07.05.16 Ltr to DC re Citation - Rockbrook (10561).pdf
ISSUE CITATION
ISSUE CITATION
JONES, BRYAN - CITATION
NOTICE OF DISMISSAL FOR WANT OF PROSECUTION
Travelers - Rockbrook II (10561 Goodnight Lane) - Answer to
NOTICE OF TRIAL
Jury Trial - Civil

# Exhibit A-3

Exhibit A-3-a

FILED
DALLAS COUNTY
8/13/2016 3:42:03 PM
FELICIA PITRE
DISTRICT CLERK

David Hernandez

DC-16-07283

**CAUSE NO.**_____

| | | |
|---|---|---|
| ROCKBROOK REALTY, LTD. | § | IN THE DISTRICT COURT |
| (10561 GOODNIGHT LANE) | § | |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| THE TRAVELERS LLOYDS INSURANCE | § | |
| COMPANY and BRYAN JONES | § | DALLAS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

**ROCKBROOK REALTY, LTD. (10561 GOODNIGHT LANE)**, Plaintiff herein, files this Original Petition against Defendants THE TRAVELERS LLOYDS INSURANCE COMPANY and BRYAN JONES and, in support of Plaintiff's causes of action, would respectfully show the Court the following:

### I.   THE PARTIES

1.     Plaintiff is a Texas resident who resides and conducts business in DALLAS County, Texas. Said property is located at: 10561 GOODNIGHT LANE, DALLAS, TEXAS 75354.

2.     **THE TRAVELERS LLOYDS INSURANCE COMPANY** is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process in the State of Texas: **Corporation Service Company, 211 East 7th Street Suite 620, Austin TX 78701 -3218.**

3.     **BRYAN JONES** is a Texas resident who participated in adjusting Plaintiff's insurance claim, and he may be served via certified mail at: **c/o The Travelers Loyds Insurance Company, PO Box 660452, Dallas, Texas 78266.**

## II. <u>DISCOVERY</u>

4.      This case is intended to be governed by Discovery Level 3.

## III. <u>CLAIM FOR RELIEF</u>

5.      The damages sought are within the jurisdictional limits of this court.  Plaintiff currently seeks monetary relief over $200,000 but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.  However, to the extent that Defendants refuse to cooperate in discovery, make frivolous and unwarranted objections, file needless motions, quash depositions and discovery requests without a reasonable basis, assert unjustified or false affirmative defenses, make unwarranted special exceptions, hire individuals they claim to be "experts" who give false opinions or testimony, produce witnesses who commit perjury, conduct excessive discovery, or otherwise needlessly delay litigation, the costs, expenses, interest, and attorney's fees will likely be over $200,000 but not more than $1,000,000.

## IV. <u>JURISDICTION AND</u> <u>VENUE</u>

6.      This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

7.      Venue is proper in DALLAS County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in said County. In particular, the loss at issue occurred in this County.

## V. <u>FACTUAL BACKGROUND</u>

8.      Plaintiff is a named insured under a commercial property insurance policy issued by THE TRAVELERS LLOYDS INSURANCE COMPANY.

2

9.     On or about MAY 24, 2011, a storm hit the DALLAS County area, damaging Plaintiff's commercial property.   Plaintiff subsequently filed a claim on Plaintiff's insurance policy.

10.     Defendants improperly denied and/or underpaid the claim.

11.     BRYAN JONES was assigned as an individual adjuster on the claim, conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection.

12.     BRYAN JONES's unreasonable investigation led to the underpayment of Plaintiff's claim.

13.     Moreover, THE TRAVELERS LLOYDS INSURANCE COMPANY and BRYAN JONES performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VI. CAUSES OF ACTION

14.     Each of the foregoing paragraphs is incorporated by reference in the following:

**A.     Breach of Contract (THE TRAVELERS LLOYDS INSURANCE COMPANY Only)**

15.     THE TRAVELERS LLOYDS INSURANCE COMPANY had a contract of insurance with Plaintiff. THE TRAVELERS LLOYDS INSURANCE COMPANY breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

18.     On June 8, 2015, JL Consultants completed an Estimate of Damages which indicates that the total replacement cost value of the damages to Plaintiff's commercial property is $366,127.64. JL Consultants estimate not only included the repairs to the roof, but also included

3

repairs to the exterior of the building and repairs to the interior of the building caused by storm-related damage.

19.     THE TRAVELERS LLOYDS INSURANCE COMPANY wrongfully denied Plaintiff's claim even though the Plaintiff had a policy to protect the property. Consequently, THE TRAVELERS LLOYDS INSURANCE COMPANY breached the terms of the contract when it denied the claim to the detriment of the Plaintiff.

**B.     Prompt Payment of Claims Statute (THE TRAVELERS LLOYDS INSURANCE COMPANY Only)**

20.     The failure of THE TRAVELERS LLOYDS INSURANCE COMPANY to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

21.     Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

22.     Specifically, the damage to Plaintiff's commercial property occurred as a result of a wind/hail storm that occurred on MAY 24, 2011. Accordingly, it has been well over sixty (60) days since the date the damage occurred to the Plaintiff's commercial property (in accordance with Article 542.058 of the Texas Insurance Code), which, in turn, causes the Plaintiff to be entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

**C.     Bad Faith/DTPA (THE TRAVELERS LLOYDS INSURANCE COMPANY and BRYAN JONES)**

23.     Defendants are required to comply with Chapter 541 of the Texas Insurance Code.

24.     Defendants violated § 541.051 of the Texas Insurance Code by:

(1)     making statements misrepresenting the terms and/or benefits of the policy.

4

25.     Defendants violated § 541.060 by:

(1)     misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

(2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3      failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4)     failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5)     refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

26.     Defendants violated § 541.061 by:

(1)     making an untrue statement of material fact;

(2)     failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3      making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4)     making a material misstatement of law; and

(5)     failing to disclose a matter required by law to be disclosed.

27.     At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendants.

28.     Defendants have violated the Texas Deceptive Trade Practices Act in the

5

following respects:

        (1)      Defendants represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

        (2)      THE TRAVELERS LLOYDS INSURANCE COMPANY failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

        (3)      THE TRAVELERS LLOYDS INSURANCE COMPANY, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, such as for repairs to the structure, interior architectural finishes, finish out, improvements and betterments, business income and other extra expenses associated with damage caused by a wind/hail storm, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that THE TRAVELERS LLOYDS INSURANCE COMPANY took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

        29.    Defendants knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

        30.    On June 4, 2015, JL Consultants completed an Estimate of Damages which indicates that the total replacement cost value of the damages to Plaintiff's commercial property is $366,127.64. JL Consultants estimate not only included the repairs to the roof, but also included repairs to the exterior of the building and repairs to the interior of the building caused by storm-related damage.

31.    THE TRAVELERS LLOYDS INSURANCE COMPANY wrongfully denied
Plaintiff's claim even though the Plaintiff had a policy to protect the property.  Consequently, THE
TRAVELERS LLOYDS INSURANCE COMPANY wrongfully denied the claim to the detriment of
the Plaintiff.

**D.    Actionable Conduct of Adjuster (BRYAN JONES)**

32.    With regard to the adjuster Defendant named herein, Plaintiff alleges said adjuster
made specific misrepresentations in violation of the Texas Insurance Code, §541.002, §541.060,
§541.061 and §541.003, to include, but not limited to misrepresenting the scope of damages caused
by the covered wind/hail peril.  Said Defendant adjuster also misrepresented the true cost of repairing
all of the damages caused by the storm, such as damages to the structure, interior architectural
finishes, finish out, improvements and betterments, business income and other extra expenses
associated with damage caused by a wind/hail storm.  Consequently, Defendant significantly
underpaid the claim to the detriment of the insured.  The named Defendant adjuster acted with actual
awareness that said Defendant adjuster was misrepresenting the true scope and cost of repair in the
estimate the Defendant adjuster prepared.  Therefore, as an "Adjuster", the Defendant adjuster meets
the definition of "person" under §541.002, and therefore liable under §541.003 et seq. of the Texas
Insurance Code.  The Defendant adjuster misled Plaintiff.  The acts and omissions of the Defendant
adjuster violate 541 and §542 of the Texas Insurance Code, for which Plaintiff seeks damages.

33.    Further, the above named adjuster in this litigation committed various acts and
omissions violative of the Texas Insurance Code to include performing an incomplete visual
inspection of the property, and failing to inspect all affected areas;  said named adjuster undervalued
damages and failed to allow for adequate funds to cover the costs of repairs, and set out to deny
properly covered damages.  These actions on the part of this named adjuster resulted in underpayment

7

to the Plaintiff, as well as delay in Plaintiff's ability to fully repair the insured property and business. The above named adjuster in this suit conducted an outcome-oriented investigation designed to minimize the Plaintiff's claim, and failed to promptly provide the Plaintiff with a reasonable explanation of the basis of the policy in relation to the facts or applicable law, for the claim decision. The named adjuster's actions constitute unfair method of competition and an unfair or deceptive act in the business of insurance.

### E.    Attorneys' Fees

34.    Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

35.    Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because Plaintiff is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

36.    Plaintiff further prays that it be awarded all reasonable attorneys' fees incurred in prosecuting its causes of action through trial and any appeal pursuant to Sections 541.152 542.060 of the Texas Insurance Code.

## VII. <u>CONDITIONS PRECEDENT</u>

37.    All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendants.

8

## VIII. **DEMAND FOR JURY**

38.      Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein requests a jury trial and along with the filing of the Original Petition has tendered to the Clerk of the Court the statutory jury fee.

## IX. **DISCOVERY REQUESTS**

39.      Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

40.      You are also requested to respond to the attached interrogatories, requests for production and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff herein prays that, upon final hearing of the case, Plaintiff recover all damages from and against Defendants that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

**WHYTE PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas  78217
Telephone:    (210) 562-2888
Telecopier:    (210) 562-2873
Email: mwhyte@whytepllc.com
Email: jsaenz@whytepllc.com

By:  _____
MARC K. WHYTE
State Bar No. 24056526

**ATTORNEY FOR PLAINTIFF**

10

## PLAINTIFF'S FIRST SET OF INTERROGATORIES,
## REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS

COMES NOW Plaintiff in the above-styled and numbered cause, and requests that Defendant(s) (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) answer the Requests for Production separately and fully in writing within 50 days of service; (3) answer the Requests for Admissions separately and fully in writing within 50 days of service; (4) serve your answers to these Interrogatories, Requests for Production, and Requests for Admissions on Plaintiff by and through his/her attorneys of record, Marc K. Whyte, WHYTE PLLC, 1045 Cheever Blvd., Suite 103, San Antonio, Texas 78217; and (5) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service to WHYTE PLLC. You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

a.   You know the response made was incorrect or incomplete when made; or

b.   You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

## DEFINITIONS AND INSTRUCTIONS

A.   These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.   If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

C.   If you claim that any document which is required to be identified or produced by you in any response is privileged:

1. Identify the document's title and general subject matter;

11

      2. State its date;
      3. Identify all persons who participated in its preparation;
      4. Identify the persons for whom it was prepared or to whom it was sent;
      5. State the nature of the privilege claimed; and
      6. State in detail each and every fact upon which you base your claim for privilege.

D.    "Documents," includes any written, recorded or graphic matter, however produced or reproduced, of every kind regardless of where located including, but not limited to, medical records, tax returns, earnings statements, any summary, schedule, memorandum, note, statement, letter, telegraph, interoffice communication, report, diary, ledger, journal, log, desk or pocket calendar or notebook, day book, appointment book, pamphlet, periodical, worksheet, cost sheet, list, graph, chart, telephone or oral conversation, study, analysis, transcript, minutes, accounting records, data sheet, tally or similar freight documents, computer printout, electronic mail, computer disk, and all other memorials of any conversations, meetings and conferences, by telephone or otherwise, and any other writing or recording which is in your possession, custody or control or in the possession, custody or control of any director, officer, employee, servant or agent of yours or your attorneys. The term "documents" shall also include the files in which said documents are maintained. Electronically stored information should be produced in PDF format.

E.    "You," "Your," "Yours", "Defendants" and "Defendant" means all Defendants in this case.

F.    In each instance where you are asked to identify or to state the identity of a person, or where the answer to an Interrogatory refers to a person, state with respect to each such person:
      1. His or her name;
      2. His or her last known business and residence address and telephone number; and
      3. His or her business affiliation or employment at the date of the transaction, event or matter referred to.

G.    If you decide that one question is not simply one question and plan to object based upon more than 25 interrogatories, you are instructed to skip that question and continue to answer what you consider to be only one question, by answering only the first 25 alleged single questions. By answering any one numbered question, you are hereby admitting that one number question is in fact one question and waive any objection based upon a limit of interrogatories.

H.    "Plaintiffs" and "Plaintiff" includes all Plaintiffs, and refers to a single Plaintiff or multiple Plaintiffs, if applicable.

I.    "Property" means the property at issue in the lawsuit.
   J.    "Lawsuit" means this lawsuit.

Respectfully submitted,

**WHYTE PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone: (210) 562-2888
Telecopier: (210) 562-2873
Email: mwhyte@whytepllc.com
Email: jsaenz@whytepllc.com

By: _____

MARC K. WHYTE
State Bar No. 24056526

**ATTORNEY FOR PLAINTIFF**

13

## INTERROGATORIES TO DEFENDANT
## THE TRAVELERS LLOYDS INSURANCE COMPANY

1.  Identify the name, address, and role in the claim made the basis of this Lawsuit, if any, for all persons providing information for the answers these interrogatories.

    ANSWER:

2.  Identify all persons and/or entities who handled the claim made the basis of the Lawsuit on behalf of Defendant.

    ANSWER:

3.  Does Defendant contend that Plaintiff(s) failed to provide proper notice of the claim made the basis of this Lawsuit under either the policy or the Texas Insurance Code, and, if so, describe how the notice was deficient, and identify any resulting prejudice caused to Defendant.

    ANSWER:

4.  Does Defendant claim that Plaintiff(s) failed to mitigate his or her damages?  If so, describe how Plaintiff failed to do so, identifying any resulting prejudice caused to Defendant.

    ANSWER:

5.  Does Defendant contend that Plaintiff(s) failed to provide Defendant with requested documents and/or information?  If so, identify all requests to which Plaintiff(s) did not respond and state whether you denied any portion of the claim based on Plaintiff's(s') failure to respond.

    ANSWER:

6.  At the time the claim made the basis of this Lawsuit was investigated and the Property inspected (and prior to anticipation of litigation), describe all damage attributable to the storm observed at the Property by Defendant or any persons or entities on behalf of Defendant.

    ANSWER:

7.  Identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the reason(s) that Defendant relied upon to apply that exclusion.

    ANSWER:

8.   Describe how Defendant determined whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, identifying the criteria for that determination.

ANSWER:

9.   Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

ANSWER:

10.  To the extent Defendant utilized an estimating software program and modified the manufacturer's settings with respect to Plaintiffs' claim, identify those modifications.

ANSWER:

11.  State whether Defendant applied depreciation to the tear off of the damaged roof and/or other debris removal in the claim made the basis of this Lawsuit, identifying the basis for that depreciation and the applicable policy section under which the tear off was paid under.

ANSWER:

12.  Identify all price lists used to prepare all estimates on the claim made the basis of this Lawsuit, stating the manufacturer, version, date and geographical area.

ANSWER:

13.  To extent Defendant is aware, state whether the estimate(s) prepared for the claim made the basis of lawsuit wrongly included or excluded any item or payment. If so, identify each item or payment and state whether it should have been included or excluded from the estimates prepared on the claim made the basis this Lawsuit.

ANSWER:

14.  To the extent Defendant is aware, state any violations of Texas Insurance Code Section 541 that were discovered on this claim during the claims handling process.

ANSWER:

15.  To the extent Defendant is aware, state any violations of Texas Insurance Code Section 542 that were discovered on this claim during the claims handling process.

ANSWER:

16.     To the extent Defendant is aware, state any violations of the requirements or obligations owed to Plaintiff(s) under the Policy relating the claim made the basis of this Lawsuit that were discovered during the claims handling process.

        ANSWER:

17.     State the date Defendant first anticipated litigation.

        ANSWER:

18.     State every basis, in fact and in the terms of Plaintiff's policy, for Defendant's(s') denial or partial denial and/or recommendation of denial or partial denial of Plaintiff's claim(s).

        ANSWER:

19.     Identify every other insurance claim (by name, address and telephone no. of the insured) made for property damage in the same city/town as the commercial building at issue in this case, and stemming from the same storm, which claim was paid in part or whole.  This is limited to within 5 miles of Plaintiff's(s') insured property.

        ANSWER:

20.     Identify anyone who recommended payment on Plaintiff's claim(s), and if so, state what amount(s).

        ANSWER:

21.     Give the name, address and telephone number of all persons making a claim with you for property damage for the same MAY 24, 2011 as Plaintiff's claim.  This request is limited to persons who live within a 5 mile radius of Plaintiff's insured commercial property.

        ANSWER:

22.     List all of your approved or preferred engineers, third party adjusters/adjusting companies, roofers and contractors, for windstorm claims in Texas from one year prior to the MAY 24, 2011 at issue to date.

        ANSWER:

## REQUESTS FOR PRODUCTION TO DEFENDANT
## THE TRAVELERS LLOYDS INSURANCE COMPANY

1.  The following insurance documents issued for the Property as identified in the Petition:
    a.  the policy at issue for the MAY 24, 2011 as identified in the Petition; and
    b.  the policy declarations page for the 3 years preceding the storm.

    RESPONSE:

2.  Produce underwriting files and documents relating to the underwriting for all insurance policies for the Property at issue. This request is limited to the past 5 years. To the extent Defendant contends that the underwriting file or documents older than 5 years impact the damages or coverage, produce that underwriting file or document.

    RESPONSE:

3.  All documents relating to the condition or damages of the Property or any insurance claim on the Property.

    RESPONSE:

4.  All documents relating to any real property insurance claims made by the Plaintiff(s). This request is limited to the past 5 years. To the extent Defendant contends that documents older than 5 years impact the damages or coverage, produce that document.

    RESPONSE:

5.  All requests for information to any third party about the Property, the Plaintiff(s), or the claims made the basis of this Lawsuit.

    RESPONSE:

6.  All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e., hail property damage.

    RESPONSE:

7.  All documents obtained from any person(s) or entity(ies) and governmental agencies on behalf of Defendant or by Defendant relating to the Plaintiff(s), the Property, the Policy, or the claims made the basis of this Lawsuit. This request includes all documents obtained by way of deposition on written questions.

    RESPONSE:

17

8.      All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or created by Plaintiff(s) related to the Property made the basis of this lawsuit. This request is limited to the past 5 years. To the extent Defendant contends that any document older than 5 years impact the damages or coverage, produce that document.

RESPONSE:

9.      Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

RESPONSE:

10.     To the extent Defendant created or altered any prices used in the preparation of an estimate in the claim made the basis of this Lawsuit, produce all documents related to the creation or alteration of the price, including the original price for that item and the factual bases for the creation or alteration.

RESPONSE:

11.     A complete copy the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past 5 years.

RESPONSE:

12.     All organizational charts, diagrams, lists, an/or documents reflecting each department, division or section of Defendant's company to which the claim made the basis of this Lawsuit was assigned.

RESPONSE:

13.     All Texas insurance licenses and/or certifications in effect at the time of the claims arising out of the storms at issue for all persons who worked on the claim made the basis of this Lawsuit, including any document relating to the application, issuance or review of those licenses and/or certifications. This request excludes those who performed merely ministerial acts, i.e. people who answer phones, file clerks whose only job duty is to stamp "received," etc.

RESPONSE:

14.  If an engineer and/or engineering firm evaluated the Property, produce all reports written at the request of Defendant by that engineer or engineering firm within the last 5 years. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

RESPONSE:

15.  Produce all documents showing amounts billed and paid to any engineer and/or engineering firm identified in response to Request for Production above within the last three years. A summary is acceptable in lieu of actual invoices or payments.

RESPONSE:

16.  All documents reflecting the pre-anticipation of litigation reserve(s) set on the claim made the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting documentation.

RESPONSE:

17.  All documents relating to issues of honesty, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit, the Plaintiff(s) or any person assisting on the claim made the basis of this Lawsuit.

RESPONSE:

18.  All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit.

RESPONSE:

19.  All XactAnalysis reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims arising out of the storm(s) occurring on the date(s) of loss claimed by Plaintiff(s).

RESPONSE:

20.  Any email or document that transmits, discusses, or analyzes any report produced in response to the Request for Production immediately above.

RESPONSE:

21.     All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims arising out of the hail storms occurring in the county of suit on or about the MAY 24, 2011 claimed by Plaintiff(s).

        RESPONSE:

22.     Any email or document that transmits, discusses, or analyzes any report produced in response to the Request for Production immediately above.

        RESPONSE:

23.     For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert: all documents or tangible things that have been provided to, reviewed by, or prepared for the testifying expert.

        RESPONSE:

24.     Pursuant to Texas Rule of Evidence 609(f), provide all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

        RESPONSE:

25.     All indemnity agreements in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

        RESPONSE:

26.     All contracts in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

        RESPONSE:

27.     All confidentiality agreements and/or instructions regarding confidentiality in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who the claim made the basis of the Lawsuit.

        RESPONSE:

28.     All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiffs' claim.

        RESPONSE:

29. To the extent the claim involves rescinding of the policy, all documents regarding Defendant's standards for investigating and rescinding and/or voiding a policy.

RESPONSE:

30. A List of all of your approved or preferred engineers, third party adjusters/adjusting companies, roofers and contractors, for windstorm claims in Texas from one year prior to the MAY 24, 2011 at issue to date.

ANSWER:

## INTERROGATORIES TO DEFENDANT BRYAN JONES

1.    Identify all email accounts, email addresses, and/or any alias or code used to identify you and used for any communication relating to your work handling storm claims arising out of the storm(s) at issue in this Lawsuit.  This request is limited only to the carrier of the claim that is the subject of this Lawsuit.

      RESPONSE:


2.    Identify generally the training or experience you had in adjusting hail and/or windstorm damage and any specific training you had for this storm prior to your handling of claim made the basis of this Lawsuit.

      RESPONSE:


3.    Identify any degrees, Texas insurance licenses (unless you qualified for adjusting claims in Texas on an emergency basis, then list any insurance licenses you held from other states) or certifications you had at the time you handled the claim made the basis of this Lawsuit.

      RESPONSE:


4.    Explain how you were compensated and by whom for your work on claims arising out of the storm(s) at issue in this Lawsuit., stating the amount you were compensated per claim, per day, and/or per week and identifying any bonus or incentive plans. To the extent the produced personnel file includes a compensation schedule, you may refer to such personnel file.

      RESPONSE:


5.    State whether you are fluent in Spanish and whether you had any communication relating to the claim made the basis of this Lawsuit in Spanish. If you are not fluent in Spanish, state whether you are proficient in Spanish to communicate to adjust a claim.

      RESPONSE:

22

6.   Identify the following dates:

   a.   The date you first obtained an adjuster license in the State of Texas;
   b.   The first date you were hired/retained by the insurance company defendant or any other defendant in this Lawsuit to adjust property damage claims;
   c.   The date you were first assigned to claims arising out of the storm(s) at issue in this Lawsuit.;
   d.   The date you closed your file on the claim made the basis of this Lawsuit; and
   e.   The last date you worked on any claims arising out of the storm(s) at issue in this Lawsuit.

RESPONSE:


7.   Describe in detail each inspection you conducted of the Property made the basis of this Lawsuit, identifying:
   a.   The name and job title of any person who inspected the Property with you;
   b.   The date of each inspection;
   c.   The purpose of each inspection;
   d.   The length of time of each inspection;
   e.   The equipment or tools used during each inspection;
   f.   The areas of the Property inspected (i.e. roof, attic, individual rooms, exterior); and
   g.   Any documents generated during or as a result of each inspection, including the persons and/or entities in possession of those documents.

RESPONSE:


8.   Following the inspection(s), did You engage in any additional communications (*e.g.,* telephone, in person, written communication) with Plaintiff(s)?  If yes, provide the following information:

   a.   the date of such communication(s);
   b.   the manner of such communication(s);
   c.   the person to whom You communicated;
   d.   the reason for the communication(s);
   e.   for any telephonic communication(s), identify who initiated the phone call, and the telephone number from which you called or on which you received the call; and
   f.   the general substance of the communication.

RESPONSE:

9.  Identify and describe all damage you observed during your inspection(s) of the claim made the basis of this Lawsuit. To the extent the damage you observed during your inspection is reflected in scope notes and photographs, you can refer Plaintiffs to such scope notes and/or photographs.

    RESPONSE:

10. For all damage observed at the Property or reflected in your scope notes and/or photographs, state what your believe to be the cause of the damage, describing the investigatory steps you took to determine the cause, and identify all person(s) and/or entity(ies) that provided information or participated in that determination.

    RESPONSE:

11. To the extent you applied or recommended policy exclusions, identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion applied or recommended, state the factual reason(s) that the exclusion was applied or recommended.

    RESPONSE:

12. Identify the information you used to determine and how you calculated the amount of depreciation that you applied to any damage categories included in any estimates you prepared and/or approved on the claim made the basis of this Lawsuit.

    RESPONSE:

13. How did you determine whether you would or would not apply overhead and profit (O&P) to Plaintiffs' claim?

    RESPONSE:

14. Identify all documents that you relied upon in the adjustment of the claim made the basis of this Lawsuit. For each document, identify who provided the document.

    RESPONSE:

24

15. Identify all documents or information you requested from Plaintiff during the investigation of the claim made the basis of this Lawsuit, the date the request was made, the person who communicated the request, and the Plaintiff(s) who received the request.

    RESPONSE:

16. Identify all documents or items in your possession related to the claim made the basis of this Lawsuit that you did not submit to the insurance company and/or adjusting company assigned to this claim.

    RESPONSE:

17. To the extent you are aware, identify all documents or items that were altered, revised, changed or removed from the documents or information you provided the insurance company or adjusting company relating to the claim made the basis of this Lawsuit.

    RESPONSE:

18. Identify and describe any training, guidance or instruction provided to you by any person and/or entity regarding the handling of claims arising out of the storm(s) at issue in this Lawsuit.

    RESPONSE:

## REQUESTS FOR PRODUCTION TO DEFENDANT BRYAN JONES

1. All documents related to Plaintiff(s), the Property, the Policy, and/or the claim made the basis of this Lawsuit.

    RESPONSE:

2. All licenses or certifications that are identified in response to Interrogatory Number 3.

    RESPONSE:

3. All training documents you have for adjusting hail and/or windstorm claims. This request is limited to the past 2 years.

    RESPONSE:

4. All applications you submitted (or submitted on your behalf) for purposes of obtaining a license to adjust claims in the State of Texas that were in effect at the time of the storm(s) at issue in this Lawsuit..

    RESPONSE:

5. All resumes for the last five (5) years.

    RESPONSE:

6. All applications for employment you submitted for purposes of obtaining employment as an adjuster and/or claims handler in the State of Texas. This request is limited to the five (5) years preceding the storm(s) at issue in this Lawsuit.

    RESPONSE:

7. All documents you relied upon in the adjustment of the claim made the basis of this Lawsuit.

    RESPONSE:

8.  To the extent you made a determination or recommendation regarding depreciation, all documents relating to the application of depreciation on a commercial property claim in the State of Texas for the past two (2) years.

    RESPONSE:

9.  To the extent you made a determination or recommendation regarding overhead and profit, all documents relating to the application of overhead and profit on a commercial owners property claim in the State of Texas for the past two (2) years.

    RESPONSE:

10. All documents or items in your possession related to the claim made the basis of this Lawsuit that you did not submit to the insurance company and/or adjusting company assigned to this claim.

    RESPONSE:

11. All documents meant to instruct, advise, or guide the handling or adjusting hail and/or windstorm claims in the State of Texas for the last 2 years.

    RESPONSE:

12. All training manuals in effect at the time of Plaintiffs' claim used for software programs utilized in the claim made the basis of this lawsuit.

    RESPONSE:

13. All documents relating to any performance reviews or evaluations by the carrier of the underlying claim, whether formal or informal, regarding your handling of claims arising out of the storm(s) at issue in this Lawsuit.

    RESPONSE:

14. All documents relating to any Texas Department of Insurance complaints made against you by an insured related to claims arising out of the storm(s) at issue in this Lawsuit.

    RESPONSE:

15.  All contracts, indemnity agreements, and/or confidentiality agreements between you and the adjusting company and/or insurance company in effect during the handling of claims arising out of the storm(s) at issue in this Lawsuit.

   RESPONSE:


16.  All price lists used by you in handling claims arising out of the claims arising out of the storm(s) at issue in this Lawsuit.  To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

   RESPONSE:


17.  All weather reports regarding wind and/or hail relied upon by you in handling claims arising out of the claims arising out of the storm(s) at issue in this Lawsuit.

   RESPONSE:


18.  All correspondence to or from the adjusting company and/or the insurance company that issued the policy regarding modifying/modifications to the unit price cost and the price list you used in handling claims arising out of the storm(s) at issue in this Lawsuit.

   RESPONSE:

## FIRST SET OF REQUESTS FOR ADMISSIONS TO
## THE TRAVELERS LLOYDS INSURANCE COMPANY
## AND BRYAN JONES

**REQUEST FOR ADMISSION NO. 1.**  Admit you committed statutory bad faith in adjusting Plaintiff's claim.

RESPONSE:

**REQUEST FOR ADMISSION NO. 2.**  Admit you committed common law bad faith in adjusting Plaintiff's claim.

RESPONSE:

**REQUEST FOR ADMISSION NO. 3.**  Admit you breached the insurance agreement by failing to pay the full amount owed there under.

RESPONSE:

**REQUEST FOR ADMISSION NO. 4.**  Admit you breached the insurance agreement by failing to pay the full amount owed there under on a timely basis.

RESPONSE:

**REQUEST FOR ADMISSION NO. 5.**  Admit you breached the Texas Prompt Payment Act by failing to pay the full amount owed under the policy in a timely fashion.

RESPONSE:

Respectfully submitted,

**WHYTE PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone:      (210) 562-2888
Telecopier:     (210) 562-2873
Email: mwhyte@whytepllc.com
Email: jsaenz@whytepllc.com

By: _____
MARC K. WHYTE
State Bar No. 24056526

**ATTORNEY FOR PLAINTIFF**

# Exhibit A-3-b



14TH JUDICIAL DISTRICT COURT
GEORGE L. ALLEN COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS 75202-4604

July 22, 2016

FILE COPY

DC-16-07283
ROCKBROOK REALTY, LTD. (10561 GOODNIGHT LANE)  vs.  THE TRAVELERS LLOYDS
INSURANCE COMPANY, et al

ALL COUNSEL OF RECORD AND PRO SE PARTIES:

The above case is set for dismissal, pursuant to Rule 165A, Texas Rules of Civil procedure and pursuant
to the inherent power of the Court, on:

**August 26, 2016** at **11:00 AM**

If no answer has been filed you are expected to have moved for a default judgment on or prior to that
date. Your failure to have done so will result in the dismissal of the case on the above date.

If you have been unable to obtain service of process and you wish to retain the case on the docket, you
must appear on the above date, unless you have obtained a new setting from the court coordinator.

Sincerely,

ERIC V. MOYÉ, DISTRICT JUDGE
14TH DISTRICT COURT
Dallas County, Texas

Cc:
 MARC K WHYTE
 112 EAST PECAN   SUITE 2750
 SAN ANTONIO TX 78205

Exhibit A-3-c

FILED
DALLAS COUNTY
8/8/2016 9:04:05 AM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-16-07283

| | | |
|---|---|---|
| ROCKBROOK REALTY, LTD.<br>(10561 GOODNIGHT LANE), | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | DALLAS COUNTY, TEXAS |
| | § | |
| THE TRAVELERS LLOYDS INSURANCE<br>COMPANY AND BRYAN JONES, | § | |
| | § | |
| Defendants. | § | 14TH JUDICIAL DISTRICT |

## DEFENDANTS' ANSWER TO
## PLAINTIFF'S ORIGINAL PETITION

Defendants The Travelers Lloyds Insurance Company and Bryan Jones ("Defendants")

file the following Answer to Plaintiff Rockbrook Realty, Ltd.'s ("Plaintiff") Original Petition and

state:

## I.
## GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny

each and every allegation contained in Plaintiff's Original Petition and demands strict proof

thereof. By this general denial, Defendants specifically demand that Plaintiff prove every fact in

support of its claims for breach of contract, alleged violations of the Texas Insurance Code, and

alleged violations of the Texas Deceptive Trade Practices Act by a preponderance of the

evidence. By this general denial, Defendants further demand that Plaintiff prove every fact in

support of its claim(s) for exemplary damages by clear and convincing evidence.

## II.
## SPECIAL DENIAL

Defendants deny that Plaintiff has satisfied all conditions precedent to the recovery it now seeks under Texas statute, Texas law, and/or The Travelers Lloyds Insurance Company ("Travelers") policy number ILPACP-2071B937 ("Policy"). For example, to recover under the Policy and/or Texas law, Plaintiff must provide Travelers prompt notice of the physical loss or damage made the basis of its insurance claim and promptly provide Travelers all reasonably requested documentation and/or information necessary for Travelers to investigate and evaluate such alleged loss and/or damage. Plaintiff failed to satisfy these conditions, thereby precluding it from recovering on its claims for relief in this matter.

Discovery in this matter is ongoing and Defendants reserve the right to assert that Plaintiff has failed to meet other conditions precedent set forth under the Policy, Texas statute, and/or Texas law as this litigation proceeds.

## III.
## AFFIRMATIVE DEFENSES

Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendants sets forth the following affirmative defenses to the allegations in Plaintiff's Original Petition:

1.      Plaintiff's claims are barred, in whole or in part, because the allegations in Plaintiff's Original Petition fail to state a claim upon which relief can be granted.

2.      Plaintiff's claims are subject to all of the terms, conditions, limitations, and exclusions contained in the Policy, including (without limitation) the Policy's provision(s) and/or limitation(s) regarding (a) loss or damage to the interior of any building or structure or to personal property in the building or structure, caused by rain, snow, sleet or ice whether driven

by wind or not, (b) the valuation of covered property in the event of loss or damage, and (c) payment for loss or damage covered by the Policy.

3.      Plaintiff's claims are barred, in whole or in part, to the extent the physical loss or damage claimed by Plaintiff did not occur during the applicable policy period (as required by the Policy).

4.      Plaintiff's claims are barred, in whole or in part, to the extent the physical loss or damage claimed by Plaintiff was not caused by (or did not result from) a covered cause of loss (as required by the Policy).

5.      Plaintiff's claims are barred, in whole or in part, to the extent the physical loss or damage claimed by Plaintiff was caused by or resulted from wear and tear.

6.      Plaintiff's claims are barred, in whole or in part, to the extent the physical loss or damage claimed by Plaintiff was caused by or resulted from rust, corrosion, decay, deterioration, latent defect, or any quality in property that caused it to damage or destroy itself.

7.      Plaintiff's claims are barred, in whole or in part, to the extent the physical loss or damage claimed by Plaintiff was caused by or resulted from settling, cracking, shrinking, or expansion.

8.      Plaintiff's claims are barred, in whole or in part, to the extent the physical loss or damage claimed by Plaintiff was caused by or resulted from faulty, inadequate or defective design, specifications, workmanship, repair, construction, renovation, remodeling, grading, or compaction of part or all of any property on or off the described premises.

9.      Plaintiff's claims are barred, in whole or in part, to the extent the physical loss or damage claimed by Plaintiff was caused by or resulted from faulty, inadequate or defective materials used in the repair, construction, renovation or remodeling of part or all of any property

on or off the described premises.

10.     Plaintiff's claims are barred, in whole or in part, to the extent the physical loss or damage claimed by Plaintiff was caused by or resulted from faulty, inadequate or defective maintenance of part or all of any property on or off the described premises.

11.     Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion for loss or damage caused by or resulting from continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor that occurs over a period of 14 days or more.

12.     Plaintiff's claims are barred, in whole or in part, to the extent of Defendant's prior payment(s) under the Policy, and Plaintiff's recovery under the Policy (if any) must be offset and reduced accordingly.

13.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's neglect to use all reasonable means to save and preserve the property from further damage at and after the time of loss.

14.     Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages were caused, in whole or in part, by the negligent acts and/or omissions of Plaintiff.

15.     Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages were caused, in whole or in part, by the negligent acts and/or omissions of third parties over whom Defendants have and/or had no control.

16.     Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver, release, unclean hands, unjust enrichment, and accord and satisfaction.

17.     A bona fide controversy exists concerning the extent of Plaintiff's entitlement to benefits under the Policy. Defendant Travelers and/or its employees, agents, representatives, and

adjusters are entitled to value claims differently from Plaintiff without facing bad faith or extra-contractual liability. Defendants would show that a bona fide controversy exists regarding (a) the existence and/or scope of any covered loss or damage, (b) whether and to what extent any asserted loss or damage was the result of a covered occurrence (or occurrences), (c) the reasonable and necessary measures to repair any covered loss or damage, and (d) the reasonable and necessary measures to repair any covered loss or damage.

18.    Plaintiff's claim for exemplary damages is unconstitutional and violates the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of Article 1, Section 19 of the Texas Constitution for the following reasons: (a) the standards under which such claims are submitted are so vague as to be effectively meaningless and threaten a deprivation of property for the benefit of society without the protection of fundamentally fair procedures; (b) the highly penal nature of exemplary damages threatens the possibility of excessive punishment and almost limitless liability without the benefit of fundamentally fair procedures or any statutory limitations; (c) the introduction of evidence of Defendants' financial worth is so prejudicial as to impose liability and punishment in a manner bearing no relation to the extent of any injury allegedly inflicted or to any benefit to Defendants from any alleged wrongdoing and, therefore, any verdict would be the result of bias and prejudice in a fundamentally unfair manner.

19.    Plaintiff's claim for exemplary damages constitutes an unconstitutional excessive fine under Article 1, Section 13 of the Texas Constitution because such highly penal sanctions may be imposed for the benefit of society under standards so vague and effectively meaningless as to threaten unlimited punishment bearing no relation to the extent of any injury allegedly inflicted at the unbridled discretion of the jury.

20.     Because discovery in this matter is ongoing, Defendants expressly reserve the right to assert additional affirmative defenses as this litigation proceeds.

## IV.
## RESERVATION OF RIGHTS

By appearing and answering herein, Defendants do not waive, and expressly reserve, all rights and defenses that Defendants may have (or that may arise) under the Policy and/or applicable law. Nothing herein shall constitute or be deemed a waiver of, or an estoppel to assert, any of the rights and defenses that Defendants may have or that may arise under the Policy and/or applicable law

## V.
## PRAYER

Defendants pray that (a) Plaintiff's claims for relief be denied in their entirety, (b) Plaintiff take nothing by way of this lawsuit, and (c) Defendants be granted such other and further relief to which they may be justly entitled.

Respectfully submitted,

ZELLE LLP


By:_____/s/ James W. Holbrook, III_____
     James W. Holbrook, III
     Texas Bar No. 24032426
     jholbrook@zelle.com
     Jennifer L. Gibbs
     Texas Bar No. 24050656
     jgibbs@zelle.com
     Tyler J. McGuire
     tmcguire@zelle.com
     Texas Bar No. 24098080

901 Main Street, Suite 4000
Dallas, TX 75202-3975
Telephone:   241-742-3000
Facsimile:    214-760-8994

**ATTORNEYS FOR DEFENDANTS**


## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing has been served on August

8, 2016 in accordance with the Texas Rules of Civil Procedure as follows:


    Marc K. Whyte
    WHYTE PLLC
    1045 Cheever Boulevard, Suite 103
    San Antonio, texas 78217
    Telephone: (210) 562-2888
    Facsimile: (210) 562-2873
    E-Mail:  mwhyte@whytepllc.com
    E-Mail: jsaenz@whytepllc.com
    *Attorney for Plaintiff*


                _____/s/ James W. Holbrook, III_____
                    James W. Holbrook, III

# Exhibit A-3-d

14TH DISTRICT COURT
GEORGE L. ALLEN, SR. COURTS BUILDING
600 COMMERCE STREET, 5TH FLOOR
DALLAS, TEXAS 75202-4606
Chambers of JUDGE ERIC V. MOYÉ

August 9, 2016

JAMES HOLBROOK
901 MAIN ST., STE. 4000
DALLAS, TX  75202-3975

RE: DC-16-07283-A ROCKBROOK REALTY, LTD. (10561 GOODNIGHT LANE) v.
THE TRAVELLERS LLOYDS INSURANCE COMPANY, et al

ALL COUNSEL OF RECORD AND PRO SE PARTIES:
Please take note of the following settings:

(1)     Jury trial:          JUNE 13, 2017 @ 9:30 A.M.
(2)     Non-Jury trial:

**THIS IS A LEVEL 3 CASE.   THE PARTIES SHOULD PREPARE THEIR OWN
AGREED SCHEDULING ORDER (WHICH MUST INCLUDE A MEDIATOR) AND
SUBMIT IT TO THE COURT WITHIN 30 DAYS OF THIS NOTICE. IF NO
AGREEMENT IS REACHED, PLEASE ADVISE THE COURT.**

**Trial announcements must be made in accordance with Rule 3.02, Dallas Civil Court
Rules.**

**When no announcement is made for defendant, defendant will be presumed ready. If
plaintiff fails to announce or to appear at trial, the case will be dismissed for want of
prosecution in accordance with Rule 165a, Texas Rules of Civil Procedure.**

**Plaintiff/Plaintiff's counsel shall serve a copy of this notice on any currently named
defendant(s) answering after this date.**

Sincerely,

ERIC V. MOYÉ
DISTRICT JUDGE
14TH DISTRICT COURT

Scheduling order format available: www.dallascounty.org