IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROCKBROOK REALTY LTD | § | |
| (10551 GOODNIGHT LANE), | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:16-CV-2376-D |
| | § | |
| THE TRAVELERS LLOYDS | § | |
| INSURANCE COMPANY, et al, | § | |
| | § | |
| Defendants. | § | |
| | | |
| ROCKBROOK REALTY LTD | § | |
| (10561 GOODNIGHT LANE), | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:16-CV-2377-D |
| | § | |
| THE TRAVELERS LLOYDS | § | |
| INSURANCE COMPANY, et al, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In these insurance disputes, plaintiff Rockbrook Realty, Ltd. ("Rockbrook") moves

to remand each case based on the lack of complete diversity, and, alternatively, requests

leave to amend under Fed. R. Civ. P. 15(a). Defendant Travelers Lloyds Insurance Company

("Travelers") opposes the motions, contending that codefendant Bryan Jones ("Jones") has

been improperly joined in order to defeat diversity. For the reasons explained, the court

denies the motions to remand and grants the requests for leave to amend.

I

In May 2011 a storm allegedly damaged Rockbrook's property at 10551 and 10561

Goodnight Lane in Dallas.  Rockbrook insured the properties under commercial property

insurance policies issued by Travelers (the "Policies").  Rockbrook filed claims with

Travelers under the Policies, and Travelers assigned Jones to adjust the claims.  As adjuster,

Jones investigated the damage and prepared a report for Travelers.  Rockbrook alleges that

Jones conducted an insufficient investigation and undervalued the damages to the properties,

resulting in Travelers' underpaying the claims.

Rockbrook filed two lawsuits in state court against Travelers and Jones, alleging

multiple violations of Texas Insurance Code and a violation of the Texas Deceptive Trade

Practices-Consumer Protection Act ("DTPA").  Travelers, a Connecticut citizen, timely

removed each case based on diversity jurisdiction.  Rockbrook, a Texas citizen, moves to

remand each case, contending that the parties are not completely diverse because Jones is a

Texas citizen.  Alternatively, Rockbrook requests leave to amend under Rule 15.  Travelers

opposes the motions and maintains that Jones has been improperly joined.  It does not

address Rockbrook's alternative request for leave to amend.

II

For a case to be removed based on diversity jurisdiction, "all persons on one side of

the controversy [must] be citizens of different states than all persons on the other side."

*Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin*

*v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation marks omitted).

- 2 -

"The jurisdictional facts that support removal must be judged at the time of the removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (citations omitted). Moreover, under 28 U.S.C. § 1441(b)(2), a case cannot be removed based on diversity jurisdiction if any properly joined defendant is citizen of the state in which the action is brought (here, Texas).

The doctrine of improper joinder is a narrow exception to the rule of complete diversity, and it "entitle[s] a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc); *see also Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co.*, 2016 WL 931217, at *2 (N.D. Tex. Mar. 11, 2016) (Fitzwater, J.). The doctrine allows federal courts to defend against attempts to manipulate their jurisdiction, such as by joining nondiverse parties solely to deprive federal courts of diversity jurisdiction. *See Smallwood*, 385 F.3d at 576. Because "the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir. 1995)). Thus the removal statute is strictly construed, with "any doubt about the propriety of removal [being] resolved in favor of remand." *Id.* at 281-82. In determining whether a party was improperly joined, the court "resolve[s] all contested factual issues and ambiguities of state law in favor of the plaintiff." *Id.* at 281. The party seeking removal bears a heavy burden to prove improper joinder. *Smallwood*, 385 F.3d at 574.

- 3 -

"Improper joinder is established by showing that there was either actual fraud in the pleading of jurisdictional facts or that the plaintiff is unable to establish a cause of action against the nondiverse defendant in state court." *Parsons v. Baylor Health Care Sys.*, 2012 WL 5844188, at *2 (N.D. Tex. Nov. 19, 2012) (Fitzwater, C.J.) (citing *Smallwood*, 385 F.3d at 573). Under the second alternative—the one at issue in this case—the test for improper joinder is

> whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

*Smallwood*, 385 F.3d at 573; *see also Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003) (explaining that terms "no possibility" of recovery and "reasonable basis" for recovery have essentially identical meaning, and holding that pleadings must show more than "any mere theoretical possibility of recovery").

When deciding whether a defendant has been improperly joined, a federal court applies the federal pleading standard. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp. Ltd.*, 818 F.3d 193, 207-08 (5th Cir. 2016). This standard requires the plaintiff to plead enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than

- 4 -

a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'"  *Iqbal*, 566 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)).  Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "labels and conclusions." *Iqbal,* 566 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).  And "'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly,* 550 U .S. at 555).

## III

## A

Travelers asserts that Jones—a Texas citizen—has been improperly joined because Rockbrook has not alleged a reasonable basis for the court to predict that Rockbrook can recover against Jones, and that his presence should therefore be ignored in determining diversity jurisdiction.  Relying on the Rule 12(b)(6) standard described above, Travelers maintains that Rockbrook's allegations do not state a claim against Jones because they are too conclusory to demonstrate a plausible right to relief; that allegations against Jones for misrepresentation, in violation of Chapter 541 of the Texas Insurance Code, are not actionable because the alleged misrepresentations and other deficiencies relate only to

Jones's investigation and the scope of loss, not to the coverage provided under the terms of the Policies; and that, as a matter of law, individual adjusters, such as Jones, cannot be liable under some provisions of the Texas Insurance Code on which Rockbrook relies.

B

Defendants have met their heavy burden of demonstrating that there is no reasonable basis to predict that Rockbrook might be able to recover against Jones. Rockbrook alleges that Jones committed the following violations of Tex. Ins. Code Ann. § 541, made actionable under § 541.151: § 541.002, 541.003, 541.051, 541.060(a)(1), 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)(4), 541.060(a)(7), and 541.061.[1] Rockbrook also alleges violations of § 542 and of the DTPA.

Neither § 541.002 nor § 541.003 impose liability. Section 541.002 is a definition section, and § 541.003 functions as an umbrella provision that prohibits all actions detailed in successive sections.

Rockbrook cannot recover under § 541.051. This section prohibits misrepresenting the terms of a policy, the benefits or advantages promised by a policy, or the dividends or share of surplus to be received on the policy, and certain other information regarding the insurer. Section 541.051 only applies, however, "to misrepresentations regarding the policy at issue, not facts underlying a claim for coverage." *McClelland v. Chubb Lloyds Ins. Co.*

---

[1]In its state-court petitions, Rockbrook generally cites to § 541.060. Because the language used in its petitions is a near carbon copy of the specific sections the court lists, the court concludes that Rockbrook intends to allege its claims under these sections.

- 6 -

*of Tex.*, 2016 WL 5791206, at *5 (W.D. Tex. Sept. 30, 2016).  Because Rockbrook does not allege that Jones misrepresented the Policies themselves, this section is inapplicable.

Nor can Jones be held liable under § 541.060(a)(1).  Rockbrook alleges that Jones misrepresented that the damage to the two properties was not covered under the Policies, even though the damage was caused by a covered occurrence.  "This court has previously held that acts or omissions like this are not within the scope of § 541.060(a)(1) because they do not relate to the 'coverage at issue.'"  *Meritt*, 2016 WL 931217, at *4 (quoting *Mainali Corp. v. Covington Specialty Ins. Co.*, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.)); *One Way Invs., Inc. v. Century Sur. Co.*, 2014 WL 6991277, at *4 (N.D. Tex. Dec. 11, 2014) (Fitzwater, J.) (quoting *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724 (N.D. Tex. 2014) (Solis, J.) (holding, *inter alia*, that claims adjuster had been improperly joined because alleged misrepresentations that "there was no damage to . . . roof when in fact there was damage and in fact there was leaking resulting from the damage" were not statements that related to the coverage at issue)).  "The misrepresentation must be about the details of a policy, not the facts giving rise to a claim for coverage."  *One Way*, 2014 WL 6991277, at *4 (quoting *Messersmith*, 10 F.Supp.3d at 724).[2]

---

[2]Rockbrook posits that it has alleged specific conduct of Jones that is related directly to the details of the Policies.  The court disagrees.  The facts that Rockbrook alleges relate only to the scope of the loss and the failure of Jones to make a reasonable investigation, not to any alleged misrepresentations concerning the Policies.

Rockbrook cannot recover against Jones under § 541.060(a)(2)(A).  Section 541.060(a)(2)(A) prohibits failing to attempt to fairly and promptly settle a claim when it becomes "reasonably clear" that the insurer is liable.  *Meritt*, 2016 WL 931217, at *4; *see also Messersmith*, 10 F.Supp.3d at 724.  Jones is an adjuster, and "[a]n adjuster 'cannot be held liable under this section because, as an adjuster, he does not have settlement authority on behalf of the insurer.'"  *Id.* (quoting *Messersmith*, 10 F.Supp.3d at 724).

Jones also cannot be held liable under § 541.060(a)(3) or § 541.060(a)(4).  "[A]n adjuster cannot be held liable under [§ 541.060(a)(4)(A)] because an adjuster does not have the authority on behalf of the insurer to affirm or deny coverage of a claim to a policyholder."  *Mainali*, 2015 WL 5098047, at *4 (quoting *One Way*, 2014 WL 6991277, at *5).  "Similarly, an adjuster cannot be held liable under § 541.060(a)(3) because an adjuster has no obligation to provide a policyholder a reasonable explanation of the basis in the policy for the insurer's denial of a claim, or offer of a compromise settlement of a claim."  *Id.*

Rockbrook cannot recover against Jones under § 541.060(a)(7).

> Like [§ 541.060(a)(2)] the bad behavior that the statute targets is an insurer's refusal to pay under certain circumstances.  Those who can be held liable are the insurance company or the individual at the insurance company who refuses to pay the claim, not the individual responsible for conducting the investigation.

*One Way*, 2014 WL 6991277, at *4 (quoting *Messersmith*, 10 F.Supp.3d at 725).

Similar to § 541.051, § 541.061 prohibits misrepresentation of policy provisions.  As previously noted, Rockbrook does not allege that Jones misrepresented the Policies

- 8 -

themselves.  Relief under § 541.061 is therefore unavailable.  *See Vasquez v. Wal-Mart. Assocs., Inc.*, 2012 WL 2715691, at *4 (N.D. Tex. July 9, 2012) (Fish, J.) (concluding there was no cause of action under § 541.061 where plaintiff did not allege untrue statements made by adjuster about policy).

Jones cannot be held liable under Chapter 542.  Chapter 542 only applies to specifically listed "insurers," and Jones, an adjuster, is not an insurer.  *See Mainali*, 2015 WL 5098047, at *6 (citing Tex. Ins. Code Ann. § 542.002); *see also Messersmith*, 10 F.Supp.3d at 723 (holding that adjuster could not be held liable under § 542.060(a) because adjuster is not an insurer).

Finally, Rockbrook has made no allegation to support his cause of action under the DTPA.  Its sole justification as to Jones is that he "represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve or which are prohibited by law[.]"  P. Pet. 6, ¶ 28(1).  This is a word-for-word restatement of § 17.46(b)(12) of the DTPA. Tex. Bus. & Com. Code Ann. § 17.46(b)(12).  But under the federal pleading standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  Because Rockbrook has not sufficiently pleaded a claim against Jones under the DTPA, it cannot recover from Jones.

Accordingly, because Travelers has met its heavy burden of demonstrating that Jones has been improperly joined, Jones's Texas citizenship can be disregarded for purposes of

determining diversity of citizenship and removability.  Because Rockbrook and Travelers are completely diverse citizens, Rockbrook's motions to remand must be and are denied.

IV

In the alternative, Rockbrook requests leave to amend its state-court petition. Travelers does not address this request, and the court grants it.  Rockbrook may file amended complaints in these cases within 28 days of the date this memorandum opinion and order is filed.

It is not clear from Rockbrook's request whether it is contending that it can avoid removal by relying on the amended complaints that it seeks to file.  On the one hand, Rockbrook characterizes its request as an alternative argument.  *See* P. Mot. 8, ¶ 14 ("Arguing in the alternative . . . .").  On the other hand, Rockbrook relies on the general practice of district courts to afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, not on an explicit contention that it can defeat removal if given an opportunity to replead.

But to eliminate any doubt about the effect on Travelers' removal of these cases resulting from permitting Rockbrook to amend, the court emphasizes that removability and improper joinder are determined at the time of removal.

> Crucially, jurisdictional facts are determined at the time of removal, not by subsequent events.  Thus, to determine whether a plaintiff has improperly joined a non-diverse defendant, the district court must examine the plaintiff's possibility of recovery against that defendant *at the time of removal*.  This inquiry must be made regardless of whether the court examines the plaintiff's

- 10 -

> chance of surviving a Rule 12(b)(6) challenge or, instead,
> conducts a summary inquiry by piercing the pleadings.

*Flagg v. Stryker Corp.*, 819 F.3d 132, 137 (5th Cir. 2016) (en banc) (emphasis in original) (internal quotation marks, footnotes, and brackets removed).   Accordingly, regardless whether Rockbrook is able to state a claim against Jones in an amended complaint, Travelers' removal of these cases stands.

*   *   *

For the reasons explained, Rockbrook's motions to remand are denied, and its alternative requests for leave to amend are granted.

**SO ORDERED**.

November 18, 2016.


SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

- 11 -